Dear Ms. Lee:
We received your request for an opinion on behalf of the Assessor regarding the valuation of real property for assessment. After reviewing your request and speaking with you, it is our understanding that your office is concerned about using the price shown on a cash sale as the value of real property when the price shown on the cash sale appears to be exceptionally low or is inconsistent with other information concerning the property.
Article 7, Section 18 (D) of La. Constitution of 1974 provides as follows:
 Each assessor shall determine the fair market value of all property subject to taxation within his respective parish or district . . . Fair market value . . . of property shall be determined in accordance with criteria which shall be established by law and which shall apply uniformly throughout the state.
Fair market value is defined in La.R.S. 47:2321 as the price for property, which would be agreed upon between a willing and informed buyer and seller, under usual and ordinary circumstances. This language has been interpreted to mean that the purchase price of the property is not the only price that can be considered. The terms "would be" indicate that future prices may be considered. You are not limited to only the past or present price. ErichSternberg Realty Co., v. Louisiana Tax Commission, 560 So.2d 868(La.App. 1st Cir. 1990), writ denied, 567 So.2d 107.
La.R.S. 47:2323 sets forth three recognized procedures used to determine the fair market value of property. They are the market approach, the cost approach, and/or the income approach. The market approach is predicated upon prices paid in actual market transactions and current listings. The jurisprudence indicates that comparable sales are the best evidence of market value. It is our understanding that your office uses the market approach to determine the fair market value of real property.
Thus, the statutes and jurisprudence indicate that prices paid in actual market transactions and current listings of property are to be used in the market approach of determining the fair market value of property.
La.R.S. 47:2324 mandates that each assessor gather all information necessary to properly determine the fair market value of all property subject to taxation within his respective parish or district. There is a form, found at La.R.S. 47:2325, that you may use to gather such information. You send the form to the property owner. The property owner must complete the form and return it to you within the delays outlined in La.R.S. 47:2324. La.R.S. 47:2329 provides that if the property owner fails to complete the report, he loses his right to question or contest the determination of fair market value by the assessor. La.R.S.47:2330 imposes penalties for filing a false or fraudulent report and for intentionally failing to file the report.
It is our opinion, therefore, that you should consider the price, as provided in the cash sale, along with prices, as evidenced in the cash sales, of comparable sales and market listings when determining the fair market value of a particular piece of property. You may also request other information concerning the property from the property owner as discussed above. In fact, we recommend that you specifically do so in those instances where there is a discrepancy in the price or other causes for concern that the price is not accurate.
We trust that this responds to your request. Should you have any questions or need additional information, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/crt